UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEW YORK CENTRAL MUTUAL FIRE
INSURANCE COMPANY, as subrogee of
Scott and L.K. Kilgore,

         Plaintiff,

                   Case # 18-CV-294-FPG

v.

                   DECISION AND ORDER

ELECTROLUX HOME PRODUCTS, INC.,

         Defendant.
_____

   A jury trial in this products liability action—which pertains to an allegedly defective clothes dryer—is currently scheduled for May 16, 2022. ECF No. 60. On March 1, 2022, Defendant Electrolux Home Products, Inc. moved for leave to reopen discovery in light of newly discovered evidence. ECF No. 61. Specifically, Defendant states that it recently uncovered evidence suggesting that a stuffed teddy bear may have been wedged in the dryer's lint-trap duct at the time the dryer caught on fire. *See* ECF No. 61-1 at 4. On March 8, 2022, the Court held a status conference, at which it provisionally granted Defendant's motion and permitted the parties to conduct additional discovery on the matter while formal briefing continued. *See* ECF Nos. 63, 64. On March 18, 2022, Plaintiff filed its written opposition. ECF No. 65. Having reviewed the briefing, the Court affirms its provisional order and concludes that additional discovery is appropriate. Therefore, Defendant's motion is GRANTED.

   Per the amended scheduling order, discovery in this matter closed in August 2019. *See* ECF No. 16 at 1. As a result, Defendant's request to reopen discovery is analyzed under Rule 16(b)(4),[1] which permits a scheduling order to be modified "only for good cause and with the judge's consent." *See, e.g.*, *Lundstedt v. JP Morgan Chase Bank, N.A.*, 853 F. App'x 704, 708 (2d

---

[1] Plaintiff frames its opposition in terms of Rule 26(e), which governs the supplementation of expert disclosures. Because, as discussed at the status conference, Defendant's motion entails an additional opportunity for discovery for both parties, not the mere supplementation of expert disclosures, the Court concludes that the motion is better analyzed under the rubric of Rule 16(b)(4),

Cir. 2021) (summary order). "The party seeking to reopen discovery bears the burden of showing the presence of good cause and the absence of ample opportunity to pursue the evidence during discovery." *Gem Fin. Serv., Inc. v. City of New York*, No. 13-CV-1686, 2019 WL 8014411, at *2 (E.D.N.Y. Apr. 18, 2019) (internal quotation marks omitted). District courts in this circuit "have applied the following six-part test to analyze a request to reopen discovery":

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Jacobs v. N.Y.C. Dep't of Educ.*, No. 11-CV-5058, 2015 WL 7568642, at *3-4 (E.D.N.Y. Nov. 24, 2015); *see also Gem. Fin. Serv.*, 2019 WL 8014411, at *2. Ultimately, however, "[t]rial courts have broad authority to oversee and set a discovery schedule as appropriate for each case." *Griffith v. Metro. Transit Auth.*, No. 19-CV-6234, 2021 WL 50859, at *2 (S.D.N.Y. Jan. 6, 2021).

In this case, the six factors weigh in favor of reopening discovery for the limited purposes discussed at the status conference. *See* ECF No. 64.

The first factor is the imminence of trial, and the second factor is whether the request is opposed. These factors favor Plaintiff, in that trial is scheduled to begin in less than two months and Plaintiff opposes the request to reopen discovery.

The Court will discuss the third, fourth, fifth, and sixth factors—prejudice, diligence, foreseeability, and relevance, respectively—together. The Court finds that these factors weigh strongly in favor of reopening discovery.

To be sure, Plaintiff is correct that Defendant could be said to have acted without the necessary diligence, since Defendant has been aware "of this stuff teddy bear for over three years" and could have pursued the issue during discovery. ECF No. 65-1 at 6. But while Plaintiff attempts to fault Defendant alone for the oversight, it is more accurate to say that both sides could

2

have investigated the matter but chose not to do so. In defense counsel's declaration, counsel acknowledges that in July 2018, he received a report from the Niagara County Fire Service "detailing its investigation of the subject [dryer] fire." ECF No. 61-1 at 2. The report states that "investigators did find and photograph what appeared to be a stuffed teddy bear in the location that the lint trap would be located." ECF No. 61-3 at 7. At that point, Defendant was on notice that a stuffed teddy bear was involved in the incident in some, unknown respect. Then, in July 2019, Defendant deposed James Steinbrenner—Plaintiff's fire-investigation expert. At the deposition, Steinbrenner testified that one of the county fire investigators had told him that a "teddy bear" had been found "on top of the vent" where the lint screen rests. ECF No. 61-4 at 4. Steinbrenner clarified that the teddy bear was not "wedged in [the vent] or anything" but was "resting on top of the vent." *Id.*

Defense counsel avers that he "accepted as true" Steinbrenner's description of the teddy bear's position, and he chose not to investigate further. ECF No. 61-1 at 4. Furthermore, "[n]othing resembling a stuffed teddy bear was ever presented for examination by [Defendant's] experts, either at the fire scene or among the laboratory artifacts presented for inspection. Likewise, nothing resembling a stuffed teddy bear appeared in photos received from plaintiff's experts, and no mention of it was made in plaintiff's experts' report." *Id.* at 2.

In January 2022, however, Defendant "caused a subpoena to be served on the Niagara County Fire Service for . . . production of its investigation file," which included "several dozen photographs taken at the fire scene on the day of the fire." *Id.* at 4. Among these photographs were pictures of the teddy bear. As defense counsel notes, the pictures show "a large stuff animal . . . wedged deeply into the trap duct," not merely "resting on top of the lint screen," as the county fire investigator purportedly claimed. *Id.*; *see also* ECF Nos. 61-5, 61-6. In light of those photographs, a reasonable factfinder could find Steinbrenner's description of the teddy bear's

3

position after the fire inaccurate.  Importantly, defense counsel does not suggest that Steinbrenner's testimony was *intentionally* misleading, only that both sides and their experts were operating under an incorrect assumption about the positioning and relevance of the teddy bear.  *See* ECF No. 61-1 at 5 ("[I]t is expected that the true nature of the evidence has come as a surprise to [Plaintiffs' experts].").

In short, it appears that neither party obtained physical or photographic evidence of the teddy bear during discovery, and neither party made much of an effort to investigate the County report's reference to the teddy bear.  Instead, the parties accepted the representations made by the county investigators to Steinbrenner.  Under these circumstances, the Court finds it imprecise to label Defendant's inaction as a "lack of diligence"; rather, both sides conducted discovery on certain shared assumptions about the universe of relevant facts, which turned out to be (at least potentially) untrue.  The oversight was mutual.

In the Court's view, that fact is significant.  The central dispute in this case is the cause of the dryer fire.  *See generally N.Y. Central Mutual Fire Ins. Co. v. Electrolux Home Prods., Inc.*, No. 18-CV-294, 2020 WL 1151460 (W.D.N.Y. Mar. 9, 2020).  It cannot be reasonably doubted that this new evidence is, potentially, highly relevant to that issue.[2]  The photographs suggest that a teddy bear was wedged into the lint-trap duct, and a "near-total blockage of air flow can be a competent cause of a dryer fire."  ECF No. 61-1 at 4-5.  If the Court were to bar discovery on the matter, Defendant would be penalized and Plaintiff would be rewarded for their *shared* misunderstanding.  Such a result would be unfair and inequitable.  Moreover, it would turn the upcoming jury trial into an artificial exercise, divorced from the actual facts known to the attorneys, the witnesses, and the experts.  Like the proverbial "elephant in the room," the stuffed teddy bear is an issue that must be addressed if the jury is to perform its truth-finding function.

---

[2] In this respect, the Court is wholly unpersuaded by Plaintiff's assertion that the "teddy-bear theory" is a "Hail-Mary attempt to muck up the issues set for trial." ECF No. 65-1 at 7.

The Second Circuit has long preferred to resolve dispute "on their merits," *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986), and the Court declines to conduct a trial where those merits cannot be fully and fairly fleshed out.

In opposition, Plaintiff argues that it will suffer prejudice because it will not have sufficient time to "prepare for an entirely novel factual theory." ECF No 65-1 at 8. The Court is not persuaded. On its face, the theory that Defendant proposes is simple and intuitive, and it would seem to be a straightforward task to investigate and test whether that theory withstands evidentiary scrutiny. The Court has issued a scheduling order that will allow the parties to fully investigate that discrete theory before trial. Plaintiff offers no specific reason why that schedule will be inadequate. And because the Court has not adjourned the trial, Plaintiff will not suffer any prejudice from further trial delays. *See id.* (discussing prejudice that would result if the trial were "pushed back once again").

Accordingly, Defendant's motion to reopen discovery (ECF No. 61) is GRANTED. Discovery will proceed on the deadlines set forth at the status conference. ECF No. 64. Trial remains scheduled for May 16, 2022.

IT IS SO ORDERED.

Dated: March 31, 2022
       Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              United States District Judge
                                              Western District of New York